# COURT OF COMMON PLEAS OF BALTIMORE CITY

Filed April 2, 1903.

STATE OF MARYLAND, EX RELATIONE WILL ADAMS,

VS.

SUPT. MARYLAND HOUSE OF REFUGE.

*Thomas J. Mason* for petitioner.
*John Phelps* for respondent.

HARLAN, J.—

The petitioner, Will Adams, has been brought before the Court in obedience to the writ of habeas corpus, and as cause for his detention the following commitment has been exhibited by the respondent:

"STATE OF MARYLAND, MONTGOMERY COUNTY, TO WIT:

"*To the Superintendent of the Maryland House of Correction*:

"Whereas, information and oath in due form of law have been made before me, a Justice of the Peace of the State of Maryland, in and for the county aforesaid, by Arthur Jones, an habitually disorderly person (not insane) in this, that he leads a dissolute and disorderly course of life—vagrant—and the said `Will Adams has been brought in due form of law before me, a Justice of the Peace, as aforesaid, to answer the said charge by and before me, a Justice of the Peace, as aforesaid, it has this day been fully proven to and before me, that the said Will Adams, in said county, is an habitually disorderly person (not insane) as above specified and charged, and vagrant, has thereon this day been by me, a Justice of the Peace, as aforesaid, under the Act of Assembly, in such case, made and provided, convicted of being a habitually disorderly person, in this, that he leads a dissolute and disorderly

course of life, and has this day by me, a Justice of the Peace, as aforesaid, on such conviction for the cause aforesaid, ordered and sentenced to be sent to, and kept so that he cannot escape, therefrom, in the Maryland House of Correction, for the space of twelve months, next, ensuing the date of these presents.

"You are therefore hereby directed to receive into the said Institution, and into your custody, the body of the said Will Adams of said county, herewith sent so as aforesaid, convicted and sentenced for the cause aforesaid, and him keep and detain that he cannot escape therefrom, for the space of twelve months next ensuing the date of these presents, to be then discharged according to law; and for so doing this shall be your sufficient warrant.

"Given under my hand and seal this 23rd day of January, in the year of our Lord, 1903.

"CHARLES S. NICHOLS, (Seal.)
"J. P."

This commitment is alleged to be void in three particulars:

First. That it does not appear, upon the face of the commitment, that the accused was informed of his right to a jury trial by the Justice of the Peace, and waived his right.

Second. Because of excess in the punishment inflicted; and—

Third. Because of uncertainty in the description of the offense of which he was convicted.

Assuming that the petitioner was tried under Section 314 of Article 24 of the Code of Public General Laws for the offense of being a vagrant, habitually disorderly person (not insane), the first objection is not tenable. It was decided by four Judges of the Supreme Bench, in the case of arrest of judgment, that the Criminal Court of Baltimore and the Circuit Courts of the counties have no original jurisdiction over persons charged with this offense; that the only jurisdiction given to the courts by this section is an appellate jurisdiction—a jurisdiction which does not exist until there has been a trial and conviction of the accused by the Justice, and an appeal from the Justice's determination; and that, when a person is brought before a Justice of the Peace, charged with

being habitually disorderly, and prays for a jury trial, it is the duty of the Justice to go on, notwithstanding such demand, and if the Justice find him guilty, to proceed to sentence; and that the accused can then secure a review of the Justice's action and a jury trial, if he desires it, by appealing to the Circuit Court, in the county, or the Criminal Court of Baltimore. A waiver of a jury trial before the Justice is, therefore, not a condition precedent to the exercise of jurisdiction by him under this section. The opinion in this case was filed on June 1st, 1892.

Inasmuch as it has been stated before me that there have been some decisions by individual Judges upon returns to writs of habeas corpus in conflict with this ruling, I have consulted with Judges Phelps and Stockbridge, who, it is alleged, made these decisions, and am authorized to state that they concur in the view, that the ruling of the Supreme Bench, hereinbefore referred to, was correct and should be upheld.

As to the second objection, it is true that under Section 314 of Article 27, the sentence to the House of Correction is to be for a period not less than two months, nor more than six months, and the commitment here exhibited directs that the petitioner shall be detained in the Maryland House of Correction for the space of twelve months; but it is settled by the great weight of authority, that an excessive sentence is only void as to the excess; and inasmuch as six months have not yet expired, which is the maximum time for which the petitioner could have been sentenced under the section mentioned he would not be entitled now to be discharged for this reason.

See Hochheimer's Criminal Law, Section 343.

State vs. Klock, 48 La. An. 67, and an elaborate note to that case in 55 Am. State Rep., 264; and a note upon the subject in 45 L. R. A., 136, where the authorities will be found collected.

As to the third objection, that it does not appear with sufficient certainty of what offense the accused was convicted, there being a repugnancy between the charge and the specification of it, I am of the opin-

ion that the objection is well taken, and shall accordingly sign an order, directing the petitioner to be discharged.